UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEZZELYNN J. MCDUFFIE,

                Plaintiff,

v.                                                                              CASE # 19-cv-00685

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                                       OF COUNSEL:

LAW OFFICES OF KENNETH HILLER, PLLC      KENNETH R. HILLER, ESQ.
  Counsel for Plaintiff                                         KELLY ELIZABETH
600 North Bailey Ave                                          LAGA-SCIANDRA, ESQ.
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                    ARIELLA RENEE ZOLTAN, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is GRANTED, defendant's motion is DENIED, the decision of the Commissioner is

REVERSED, and this matter is REMANDED for further administrative proceedings consistent with this order.

## I.     RELEVANT BACKGROUND

### A.     Factual Background

Plaintiff was born on October 6, 1966, and has a high school education. (Tr. 45, 50). Generally, plaintiff's alleged disability consists of knee injury, status-post surgery; bilateral carpal tunnel, status-post surgery; lower back injury and pain; depression; stomach ulcer; and high blood pressure. (Tr. 277). Her alleged onset date of disability is October 10, 2014. (Tr. 286).

### B.     Procedural History

On April 3, 2015, plaintiff applied for a period of Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 240). Plaintiff's application was initially denied, after which she timely requested a hearing before an Administrative Law Judge (the ALJ). Plaintiff failed to appear at her September 5, 2017 hearing. (Tr. 30-40). On February 6, 2018, plaintiff appeared at her supplemental hearing before the ALJ, David L. Begley. (Tr. 41-80). On May 25, 2018, ALJ Begley issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 10-29). The Appeals Council (AC) denied review on March 29, 2019 and plaintiff sought judicial review in U.S. District Court. (Tr. 1-6).

### C.     The ALJ's Decision

Generally, in his decision, ALJ Begley made the following findings of fact and conclusions of law:

1. The claimant has not engaged in substantial gainful activity since April 3, 2015, the application date (20 CFR 416.971 *et seq.*).

2. The claimant has the following severe impairments: degenerative disc disease of the lumbar spine; status-post right knee arthroscopy; and carpal tunnel status-post release (20 CFR 416.920(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).

4. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except she is prohibited from climbing ladders, ropes and scaffolds. She is further limited to occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling. Also, she is limited to frequent handling and fingering bilaterally. She would need to avoid concentrated exposure to extreme cold. She would also need to avoid slippery and uneven surfaces as well as hazardous machinery, unprotected heights and open flames.

5. The claimant is unable to perform any past relevant work (20 CFR 416.965).

6. The claimant was born on October 6, 1966, and was age 48, which is defined as a younger individual age 18-49, on the date the application was filed. The claimant subsequently changed age category to closely approaching advanced age (20 CFR 416.963).

7. The claimant has a limited education and is able to communicate in English (20 CFR 416.964).

8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

9. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).

10. The claimant has not been under a disability, as defined in the Social Security Act, since April 3, 2015, the date the application was filed (20 CFR 416.920(g)).

(Tr. 10-24).

## II.   THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A.   Plaintiff's Arguments

Plaintiff makes two arguments in support of her motion for judgment on the pleadings. First, plaintiff argues the ALJ inadequately evaluated the medical opinions of record which led

him to improperly play doctor in formulating the RFC. (Dkt. No. 12 at 17 [Pl.'s Mem. of Law]). Second, the ALJ erred by not exhibiting post-hearing submitted records. (Dkt. No. 12 at 25).

### B. Defendant's Arguments

In response, defendant makes a broad argument that the ALJ considered the totality of the evidence in assessing plaintiff's RFC. (Dkt. No. 15 at 6 [Def.'s Mem. of Law]). Defendant also responded to plaintiff's arguments that the ALJ properly weighed the medical opinion of evidence, the ALJ had no further duty to develop the record, and the ALJ did not abuse his discretion in declining to include evidence that was submitted after the administrative hearing. (Dkt. No.15 at 13, 16, 19).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

### B.      Standard to Determine Disability

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. *See* 20 C.F.R. § 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *See Bowen v. Yuckert*, 482 U.S. 137, 140-42, 107 S. Ct. 2287 (1987).  The five-step process is as follows:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a 'residual functional capacity' assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience.

*McIntyre v. Colvin,* 758 F.3d 146, 150 (2d Cir. 2014).

IV.   **ANALYSIS**

    **A.  RFC**

The RFC is an assessment of "the most [plaintiff] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). The ALJ is responsible for assessing plaintiff's RFC based on a review of relevant medical and non-medical evidence, including any statement about what plaintiff can still do, provided by any medical sources. *Id.* §§ 416.927(d), 416.945(a)(3), 416.946(c). In this case, there was a medical source opinion from a consultative examiner, which was obtained prior to a car accident. (Tr. 428-432). Consultative examiner Hong-Biao Liu, M.D. met with the claimant on June 5, 2015 and diagnosed arthritis, hypertension, anxiety/depression, and gastric reflux disease. (Tr. 431). Imaging of the low back at the time revealed degenerative disc disease. (Tr. 432). Dr. Liu opined moderate limitations for prolonged walking, bending, kneeling, and overhead reaching. (Tr. 431). ALJ Begley accorded some weight to the opinion, stating it was reasonably consistent with the findings throughout the record. (Tr. 21). Approximately 22 months later, plaintiff was involved in a motor vehicle accident with injuries to her neck and back. (Tr. 490). Although there are medical files and treatment notes, there are no medical opinions after the accident.

As argued by defendant, the statements by Dr. Hart and nurse practitioner Ms. Pilicore were not medical opinions. Both sources treated plaintiff at RES Physical Medicine & Rehab Services after her March 23, 2017 motor vehicle accident. (Tr. 490, 550-573, 525-545). Over the course of treatment, they continually stated plaintiff was "unable to work" as a "direct result of motor vehicle injuries" and remained temporarily totally impaired. (Tr. 529, 537, 536, 527, 779,

744, 765, 770, 750, 795). Regulations clarify statements by a medical source that a plaintiff is "disabled" or "unable to work" are not medical opinions but instead opinions on issues reserved to the Commissioner because they are administrative findings that are dispositive of a case. 20 C.F.R. at § 416.927(d). As such, the ALJ "will not give any special significance to the source of an opinion on issues reserved to the Commissioner." *Id.* at § 416.927(d)(2). Therefore, the ALJ appropriately noted he gave very little weight to theses assertions because Dr. Hart's statements were broad determinations and Ms. Pilicore was not an acceptable medical source. (Tr. 21). No elaborate discussions of the factors listed for evaluating opinion evidence was required. (Tr. 21).

Plaintiff asserts the ALJ failed to properly assess plaintiff's physical RFC by relying on the stale opinion of Dr. Liu, and this error was compounded by the ALJ's lay interpretation of bare medical findings and mischaracterization of the record in assessing her RFC. (Dkt. No. 12 at 21, 22). A gap of time between when an opinion is rendered and the disability hearing and decision does not automatically invalidate that opinion; however, such an opinion may be stale if the claimant's condition deteriorates during that time. *Majdandzic v. Comm'r of Soc. Sec.*, No. 17-CV-1172-FPG, 2018 WL 5112273, at *3 (W.D.N.Y. Oct. 19, 2018); *See, e.g., Hawkins v. Colvin*, 2016 WL 6246424, *3 (W.D.N.Y. Oct. 26, 2016) (remanding because after medical opinion was given, Plaintiff's condition changed due to degenerative disk disease); *Jones v. Comm'r of Soc. Sec.*, 2012 WL 3637450, at *2 (E.D.N.Y. Aug. 22, 2012) (stating, "[B]y plaintiff's hearing date, the disability examiner's opinion that Jones could perform light work was 1.5 years stale, and did not account for her deteriorating condition").

In the instant case, the claimant was involved in a motor vehicle accident approximately 22 months after Dr. Liu's opinion and subsequently sought additional treatment and diagnostic imaging for new impairments. Prior to the accident, plaintiff's complaints to her primary physician

at Rapha Family Health pertained to her right knee, bilateral hands, and lower back pain, with no complaints about neck pain. (Tr. 516, 493, 496). Ensuing treatments after the accident included chiropractic care, increased hydrocodone dosage, a soft cervical collar, topical ointments and medication for muscle spasms and headaches. (Tr. 528, 544, 739, 764, 769, 749-750). Plaintiff's May 2017 MRI revealed changes and she included neck pain and headaches in her list of complaints to Dr. Hart. (Tr. 481-483,525, 533, 541, 761). Plaintiff's updated lumbar MRI indicated herniations with impingement on her thecal sac and encroachment on her traversing L5 nerve roots. (Tr. 478-479).

Indeed, an ALJ is entitled to rely upon the opinions of both examining and non-examining State agency medical consultants, since such consultants are deemed to be qualified experts in the field of social security disability. *See* 20 C.F.R. §§ 404.1512(b)(6), 404.1513(c), 404.1527(e); *See, e.g., Trepanier v. Comm'r of Soc Sec. Admin.,* 752 F. App'x 75, 78 (2d Cir. 2018) (substantial evidence supported ALJ's RFC finding; ALJ "largely relied on the report of a consultative examiner"); *Petrie v. Astrue*, 412 F. App'x 401, 405 (2d Cir. 2011) ("The report of a consultative physician may constitute such substantial evidence."). However, medical opinions based on an incomplete medical record may not be substantial evidence. *Camille v. Colvin,* No. 14–CV–6155 EAW, 104 F.Supp.3d 329, 343–44, 2015 WL 2381030, at *13 (W.D.N.Y. May 19, 2015). The record unquestionably establishes additional injuries and treatment after the opinion of Dr. Liu.

The ALJ noted the significant findings of the MRI but concluded that it did not support the alleged symptoms' severity and limiting effect. (Tr. 20). The ALJ is not a doctor and has no independent medical qualifications. His ability and expertise to opine on the medical or clinical significance of the MRI findings is not established. *See Rosa v. Callahan*, 168 F.3d 72, 79 (2d Cir. 1999) ("In analyzing a treating physician's report, the ALJ cannot arbitrarily substitute his own

judgment for competent medical opinion.") (internal quotation and citation omitted); *Quinto v. Berryhill*, No. 3:17-cv-00024 (JCH), 2017 WL 6017931, at *12 (D. Conn. Dec. 1, 2017) ("An ALJ is prohibited from 'playing doctor' in the sense that an ALJ may not substitute his own judgment for competent medical opinion.") (internal quotation and citation omitted).

Further, the ALJ noted that continued improvement was expected because "continued improvement is expected" was written in treatment notes. (Tr. 464, 467). However, these statements are not evidence of improvement and the full statement from the treatment record is that "the case is complicated, but continued improvement is expected, despite permanent residuals being a probability." *Id*. There is no question that one can examine a complicated medical record such as this one and pick out certain findings which reflect progress or a reduction in symptomology, but "cherry picking" evidence to support a disability determination is error and not a fair assessment of the record. *See Phelps v. Colvin*, No. 12-CV-976S, 2014 WL 122189, at*4 (W.D.N.Y. Jan. 13, 2014) ("The selective adoption of only the least supportive portions of a medical source's statements is not permissible.") (internal quotations and brackets omitted); *Caternolo v. Astrue*, No. 6:ll-CV-660l(MAT), 2013 WL 1819264, at *9 (W.D.N.Y. Apr. 29, 2013) ("[i]t is a fundamental tenet of Social Security law that an ALJ cannot pick and choose only parts of a medical opinion that support his determination.")(internal quotations omitted) (collecting cases).

Thus, given all the evidence above, it is amply evident that Dr. Liu's opinion is stale and cannot constitute substantial evidence on which to base an RFC determination. *Moeller v. Comm'r of Soc. Sec.,* No. 18-CV-409-MJR, 2019 WL 5078343, at *4 (W.D.N.Y. Oct. 10, 2019) ("Because Dr. Siddiqui's opinion predated a significant deterioration in Moeller's condition, the opinion was stale, and could not constitute substantial evidence to support the ALJ's findings."); *Welsh v.*

*Colvin*, No. 14-CV-6715P, 2016 WL 836081, at *12 (W.D.N.Y. Mar. 4, 2016) (finding that an opinion rendered before the "significant deterioration" of the claimant's mental status could not "constitute substantial evidence supporting the ALJ's determination"). Moreover, the ALJ rendered an improper lay opinion regarding his review of the findings after the motor vehicle accident. The ALJ only summarized the subsequent evidence but did not explain how it supports his RFC determination. *See Cole v. Colvin*, No. 6:14-cv-6677(MAT), 2015 WL 9463200, at *5 (W.D.N.Y. Dec. 28, 2015) ("[A]fter setting forth plaintiff's RFC, the ALJ merely summarized some of the medical evidence in the record but did not discuss how the evidence to which she referred supported her conclusion that plaintiff can perform a range of medium exertional work. Remand accordingly is required."). As such, remand is warranted.

### B. Additional Arguments

As set forth above, plaintiff also argues the ALJ erred in rejecting post-hearing evidence. (Dkt. No. 12 at 25). However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary the Court declines to reach these issues. *See, e.g., Bell v. Colvin,* No. 5:15-CV-01160 (LEK), 2016 U.S. Dist. LEXIS 165592, at *32 (N.D.N.Y. Dec. 1, 2016) (declining to reach arguments "devoted to the question whether substantial evidence supports various determinations made by [the] ALJ" where the court had already determined remand was warranted).

**ACCORDINGLY**, it is

**ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 15) is

**DENIED**; and it is further

**ORDERED** that this matter is **REMANDED** pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: November 17, 2020                   *J. Gregory Wehrman*
Rochester, New York                       HON. J. Gregory Wehrman
                                                      United States Magistrate Judge